IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS HUGO VALDEZ, ID # 1254215, | ) | |
|       Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-282-M |
| | ) | |
| T.D.C.J. BRADSHAW UNIT, et al., | ) | |
|       Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Plaintiff is an inmate in the Texas prison system from whom this civil action was received on February 11, 2009. Included with his complaint was an application to proceed *in forma pauperis* and a certificate of trust account (doc. 2). By order dated February 17, 2009, the Court found that the request should be denied based on the three-strikes provision of 28 U.S.C. § 1915(g) but granted Plaintiff thirty days to pay the full filing fee of $350.00 to the Clerk of the Court before it recommended that *in forma pauperis* status be denied. The order expressly stated that failure to pay the filing fee within the time allotted would result in a recommendation that *in forma pauperis* be denied and that this action be dismissed without prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b). Plaintiff has failed to pay the filing fee as ordered.

**II. THREE STRIKES**

Because plaintiff is a prisoner, this action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

Plaintiff's current filing falls under the PLRA "three-strikes" provision. On at least three prior occasions, plaintiff has had a prisoner civil action or appeal dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Valdez v. Bush*, No. 3:08-CV-1481-N (N.D. Tex. Aug. 29, 2008) (recommendation setting out three prior strikes), *accepted by* unpub. order (N.D. Tex. Oct. 24, 2008). He has made no allegation in this case that he is subject to imminent danger of serious physical injury. He may therefore not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g), but he has failed to pay those fees.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the order that he pay the filing fee within thirty days. Accordingly, the Court may also dismiss his complaint without prejudice for failure to follow an order of the Court.

## IV.  RECOMMENDATION

The Court should deny plaintiff's application to proceed *in forma pauperis* (doc. 2) and dismiss this action as barred by the three-strikes provision of § 1915(g) or for failure to comply with a court order under Fed. R. Civ. P. 41(b).

**SIGNED this 27th day of March, 2009.**

                                                                                          _____
                                                                                          IRMA CARRILLO RAMIREZ
                                                                                          UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                                          _____
                                                                                          IRMA CARRILLO RAMIREZ
                                                                                          UNITED STATES MAGISTRATE JUDGE